UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOUIS J. BATTINO,

                        Plaintiff,

v.                                             Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Louis J. Battino is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, (hereinafter "Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by HSBC to collect on the subject debt.

13. That in or about November, 2009, Defendant representative "Alex James," contacted Plaintiff and stated he was calling about an HSBC credit card. Defendant only gave his name and did not give the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt. Plaintiff then asked Defendant if he was a debt collector. Defendant replied "no sir, this is way past that, this is in litigation." Defendant then tied to get Plaintiff agree to a payment plan and told him the only way to avoid a wage garnishment was to sign up for a payment plan right then. Plaintiff explained that at the moment he was in financial difficulty and could not pay. Defendant then stated that he had looked at Plaintiff's checking account activity and that Plaintiff should be able to pay. Plaintiff replied that he had other bills to pay and Defendant told him that it had nothing to do with his client. Thereafter, the conversation was terminated.

14. That in or about November, 2009, Plaintiff received another call from Defendant. When Plaintiff answered, Defendant immediately hung up. Plaintiff called back the number that appeared on his caller identification and ultimately spoke with Defendant representative "Alex James." Plaintiff repeatedly asked Defendant who he worked for and Defendant refused to answer. Then Defendant denied ever calling Plaintiff in the past. Plaintiff informed Defendant that he had Defendant's number on his caller identification and that he was upset with the hang-up calls, and would be contacting his attorney. Thereafter, the conversation was terminated.

15. That in or about December, 2009, Plaintiff received another call from Defendant. Upon answering the phone, Defendant immediately hung up on Plaintiff.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e(11) by failing to give Plaintiff the required mini-Miranda warning that the communications were from a debt collector attempting to collect a debt.

    B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by stating that Defendant was not a debt collector.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), and 15 U.S.C. §1692e(10) by stating to Plaintiff that the matter was in litigation. Said statement was a false, deceptive, and misleading representation in connection with the collection of the subject debt.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Plaintiff the only way to avoid a wage garnishment was to immediately sign up for a payment plan. Such action was not intended to be taken by Defendant and as such was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    E. Defendant violated 15 U.S.C. §1692d by contacting Plaintiff and hanging up as soon as Plaintiff answered. The natural consequence of such conduct was to harass, oppress, and abuse the Plaintiff.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 27, 2010

    /s/  Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com